Morton J.
delivered the opinion of the Court. To maintain the action against Aaron Brown, the plaintiffs attempted to prove a copartnership between him and John Brown. For this purpose, previously to the trial, they gave notice to the defendant to produce an original contract of partnership, of which a copy was annexed to the notice.[1] *18 The defendant did not produce the original instrument at th( trial, and thereupon the plaintiffs called several witnesses, who testified that the defendant admitted that there was an original agreement in his possession, the terms of which corresponded with those contained in the copy annexed to the notice, in every particular except one. This variance, though slight in terms, was important to a correct construction of the instrument. The defendant’s counsel objected to the admission of this testimony, and contended that the plaintiffs, as they had in their notice set forth a copy of the document to be produced, ought in their evidence to be confined literally to the terms of their copy.
The accuracy and precision which is required in pleading, cannot be necessary in a notice of this kind ; and indeed there is a manifest distinction between a notice to quit, and a notice, the only object of which is to inform the adverse party that he is required to produce a certain document. 1 Stark. Ev. 359 ; 2 Stark. Ev. 975.
Upon a comparison of the evidence with the notice, it is manifest that the latter indicated, with sufficient certainty, the contract upon which the plaintiffs relied. The defendant could not be unapprized that the plaintiffs’ object was to show a partnership. There is no evidence, nor is it pretended, that there was more than one instrument between him and John Brown, having reference to this subject. He therefore had sufficient opportunity to produce the original, and to show the real nature of the contract. Every purpose of notice was answered. The party did not complain of surprise, nor request any delay for the purpose of producing the original instrument. We are therefore satisfied, that the notice in this case was sufficient to warrant the introduction of parol evidence.[1]
The defendant’s counsel then offered in evidence the copy annexed to the notice, and contended, that as the plaintiffs had represented it to be a true copy, and in another suit between the two defendants, which the plaintiffs were permitted to defend, had made affidavit that it was, in their belief, a *19 true copy, it ought to be received against them. This clearly was secondary evidence, and the testimony in the case shows it was inaccurate. The defendant had the original in his possession, which he refused to produce. Upon what ground can he now pretend, that this secondary evidence ought to be used by the party who withholds the primary ? To permit it, would be to overturn obvious and well settled principles of law, and to encourage unworthy artifices.
, The defendant next offered parol evidence, to show that the agreement between him and John Brown was different from' what it was stated to be by the plaintiffs’ witnesses. That this was rightly rejected, cannot be doubted.
The defendant’s counsel now produces certain depositions tending to show that no agreement of partnership was entered into, and that the plaintiffs’ witnesses were mistaken in their testimony. But upon recurring to the report, by which alone we are to be govérned, it does not appear that any such evidence was offered. Had it been, it doubtless would have been received.
Judgment on the verdict.

 See Thomas v. Harding, 8 Greenl. 417.

 See Osgood v. Hutchins, 6 N. Hamp. R. 381.